IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GREG HOLLINGSWORTH                                                                    PLAINTIFF

v.                                          CIVIL NO. 21-cv-5195

KILOLO KIJAKAZI, Acting Commissioner                                                  DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Greg Hollingsworth, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on February 12, 2019. (Tr. 26). In his application, Plaintiff alleged disability beginning on July 14, 2014, due to degenerative disc disease of the cervical spine, a spinal fusion surgery of his C5-C7 vertebrae, a disc bulge at C4-C5, and radiculopathy in both his arms but worse in the left. (Tr. 26, 257). An administrative hearing was held via telephone on July 21, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 43–75). A vocational expert ("VE") also testified. *Id*.

On October 6, 2020, the ALJ issued an unfavorable decision. (Tr. 26–37). The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. (Tr. 28). She found that Plaintiff had the severe impairment of cervical

1

spine degenerative disease with discectomy and fusion in 2017. (Tr. 29). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404. (Tr. 29). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §404.1567(a) except the Plaintiff could only occasionally use ramps and stairs, ladders, ropes and scaffolds; occasionally overhead reach bilaterally; and frequently finger and handle bilaterally. (Tr. 29–35).

With the assistance of the VE, the ALJ found Plaintiff could perform past relevant work in a composite job as a radio time sales representative and radio announcer as actually performed. (Tr. 35). The ALJ also found Plaintiff could perform the job of radio announcer as generally performed. The ALJ also made an alternative step five finding that Plaintiff could perform the representative occupation of announcer. (Tr. 36). The ALJ found Plaintiff was not disabled from July 14, 2014, through the date of her decision. Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would

have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises one point on appeal: whether the ALJ erred by failing to resolve conflicting testimony by the VE when identifying Plaintiff's past relevant work as performed and concluding Plaintiff could return to his past relevant work as performed (ECF No. 1). Defendant contends the ALJ's findings regarding Plaintiff's impairments and their impact on his ability to work were supported by substantial evidence. (ECF No. 11). Plaintiff argues the ALJ erred in finding his composite job as performed to be sedentary work, and that all his past work should have been classified as light, medium and/or heavy and semiskilled to skilled levels. (ECF No. 11, p. 2). Plaintiff furtherargues that, as the composite job combined radio time sales representative with the job of radio announcer, and as radio times sales representative is considered light work by the DOT, the VE testimony that the composite job was sedentary as performed conflicted with the DOT. (ECF No. 11, pp. 3–6). Plaintiff also argues the VE relied solely upon Plaintiff's work history reports, and that these reports did not say that he sat for six hours in total for the composite job. However, as Defendant points out, Plaintiff does not cite any legal authority finding that a composite job must be considered to carry the exertional requirement of the higher of the two jobs. Defendant argues that composite jobs, by their nature, have no counterpart in the DOT and that the ALJ is limited to consideration of how the composite job was actually performed at step four as per the Program Operations Manual System of the SSA DI 25005.020B. (ECF No. 12, pp. 2–4). Defendant also points out that Plaintiff's representative did not raise any objection to the VE's classification of his past work at the

hearing. Finally, Defendant says the VE based his testimony upon Plaintiff's work history reports, and also the entire hearing including Plaintiff's description of his past work at that hearing. (ECF No. 12, pp. 3–6).

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ relied upon the VE's testimony, which was appropriately based upon both Plaintiff's work history report and testimony, in finding Plaintiff could perform his past relevant work as it was actually performed. (Tr. 35–36). For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 3rd day of October 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE